UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61324-CIV-DIMITROULEAS

SCOTT THOMAS,

     Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Defendant, BROWARD COUNTY SHERIFF'S OFFICE[1] ("Defendant" or "BSO"), by and through its undersigned counsel, the Law Offices of Carmen Rodriguez, P.A., and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Motion to Dismiss Plaintiff's Second Amended Complaint with incorporated memorandum of law and in support thereof states as follows:

### Introduction

1.     On May 28, 2019, Plaintiff, SCOTT THOMAS ("Plaintiff"), filed his initial one-count Complaint against his former employer, BSO, alleging violation of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§4301, *et seq*. D.E. 1 ("USERRA"). D.E. 1. Therein, he alleged "Discrimination and Reprisal" pursuant to 38 U.S.C. §4311 ("Section 4311").

2.     On July 11, Defendant filed his Motion to Dismiss Complaint for failure to state a

---

[1]There is no such entity as the Broward County Sheriff's Office. The Broward County Sheriff's Office is synonymous with and duplicative of the **Sheriff of Broward County** in his official capacity as a constitutional officer in the State of Florida.

claim for relief. D.E. 10.

3.      On July 24, Plaintiff filed his two-count First Amended Complaint. D.E. 11. Plaintiff alleged that BSO terminated him in violation of Section 4311(a) because he performed in uniformed services and Section 4311(b) for complaining about discrimination under Section 4311(a). *Id.* at ¶¶36-56. On the same date, the Court entered an Order acknowledging Plaintiff's filing of an Amended Complaint and denying Defendant's Motion to Dismiss as moot. D.E. 12.

4.      On August 7, Defendant filed his Motion to Dismiss First Amended Complaint for failure to state a claim for relief. D.E. 13.

5.      On August 20, Plaintiff filed his Motion for Leave to File Second Amended Complaint. D.E. 14. As grounds, Plaintiff claimed he inadvertently omitted critical facts from the First Amended Complaint and amendment would correct his "oversight and minor scrivener's errors." D.E. 14. On the same date, the Court entered an Order granting Plaintiff's Motion and denying Defendant's Motion to Dismiss as moot. D.E. 15.

6.      On August 27, Plaintiff filed his two-count Second Amended Complaint. D.E. 16. He alleges in relevant part the following facts:

    a.      In 2011, Plaintiff was discharged from his service in the Army. *Id.* at ¶5.

    b.      In November 2018, BSO hired Plaintiff as an Air Rescue Helicopter Pilot. *Id.* at ¶7. During the interview process, Plaintiff disclosed to BSO his prior service in the Army and "potential discrepancies with his log book due to covert flights performed." Brian Miller was the interviewer. *Id.* at ¶¶9-13.

    c.      Danielle Fuller stated that military pilots were being brought into Air Rescue instead of civilian pilots with Part 135 experience. *Id.* at ¶18.

2

d.   Plaintiff did not have Part 135 experience. *Id.* at ¶18.

e.   Ms. Fuller expressed displeasure with having the same position as military pilots with little or not civilian or Part 135 experience and concluded that she knew people better qualified for Plaintiff's position because they were civilian trained pilots with Part 135 experience. *Id.* at ¶19.

f.   Ms. Fuller stated that military pilots were not qualified for service in the Air Rescue Division. When Plaintiff complained, she immediately changed the subject. *Id.* at ¶20.

g.   In a closed-door meeting on January 17, 2019, Plaintiff complained to Chief Smith and Pilot McDonald about Ms. Fuller's discrimination. *Id.* at ¶22.

h.   On January 28, Plaintiff was called to meet with Chief Nugent, Deputy Jesse Madrigal and Ms. Fuller. Chief Nugent told Plaintiff that he was being terminated for discrepancies in his flight log book. *Id.* at ¶24. Plaintiff stated that "the discrepancies could easily be explained." He explained that "the log book which documented the explanation" was in a storage unit in Virginia and he could provide it if given an opportunity to obtain it. *Id.* at ¶¶24,27. The log book that Plaintiff had tendered to Ms. Fuller had "scriveners errors" used to justify his termination. He was not given an opportunity to prove that any discrepancies in his log book were "mere oversights." *Id.* at ¶28. Chief Nugent gave Plaintiff both a resignation letter and termination letter. *Id.* at ¶29. She also ordered Plaintiff to sign the resignation letter. Plaintiff signed form indicating that he was resigning. *Id.* at ¶¶30,32.

3

i.  On January 31, Plaintiff filed a complaint detailing discrimination under USERRA with "the City Attorney" and BSO. *Id.* at ¶34.

## **Memorandum of Law**

## I.  **Legal Standard**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." When the complaint does not comply with pleading requirements or otherwise fails to state a claim for relief that is plausible on its face, defendant may seek dismissal under Rule 12(b)(6). *Durr v. Deltona*, 2017 U.S. Dist. LEXIS 12219 at *5(M.D. Fla. Jan. 30, 2017)(internal citation and quotation omitted).

To survive a Rule 12(b)(6) motion, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.").

Dismissal is warranted where the facts plead do not state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 557-558, 570. "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has alleged, but not shown entitlement to relief. *Iqbal*, 556 U.S. at 679.  The Court in *Iqbal* "suggested that courts considering motions to dismiss adopt a 'two-pronged approach' in applying these principles: 1)eliminate any allegations in the complaint that are merely legal conclusions; and 2)where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an

4

entitlement to relief.'" *ADA v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010).

> **II.    Plaintiff's Second Amended Complaint must be dismissed where his factual allegations are contradictory and insufficient to state a claim for relief under USERRA.**

> **A.    Discrimination**

Section 4311 prohibits discrimination against employees on the basis of military service.

*Coffman v. Chugach Support Servs.,* 411 F.3d 1231,1234(11th Cir. 2005). "To state a claim under

USERRA, the plaintiff must show proof of a discriminatory motive, otherwise known as the 'but for'

test." *Loprena v. Scott,* 356 Fed. Appx. 240, 243 fn.6 (11th Cir. 2009). Plaintiff has the initial burden

of showing that:

> (1)    defendant denied him initial employment, reemployment, retention in employment, or other benefit of employment; and

> (2)    his military service was a substantial or motivating factor in the adverse action.

*Long v. Ellis Envtl. Group,* 2007 U.S. Dist. LEXIS 23784 at *14(N.D. Fla. Mar. 30, 2007).

"[M]ilitary status is a motivating factor if the defendant relied on, took into account,

considered, or conditioned its decision on that consideration." *Coffman*, 411 F.3d at 1239. The

Eleventh Circuit has held that discriminatory motivation under USERRA can be inferred from the

following considerations:

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Id.* (quoting *Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)). If plaintiff meets

this burden, defendant must then prove the affirmative defense that legitimate reasons, standing

alone, would have induced it to take the adverse action. *Coffman*, 411 F.3d at 1238-39. "This burden-shifting framework applies to so-called dual motive and so-called pretext cases." *Id.* (internal citation and quotation omitted).

Here, Plaintiff's performance of military service ended numerous years before BSO initially hired him as he was discharged from the Army in 2011. Thus, Plaintiff must show that his prior performance of military service, ending 7-years before his initial hire at BSO, was a motivating factor in BSO's decision to deny him retention in employment. D.E. 16 at ¶¶45-55.

The proximity in time of over 7-years between Plaintiff's prior military service ending in 2011 and separation from employment at BSO in 2019 has no bearing on inferring discriminatory motive under USERRA. *See Johnson v. VGA Group, Inc.,* 2009 U.S. Dist. LEXIS 22369 (E.D. Mich. Mar. 19, 2009)(finding that plaintiff could not make out USERRA discrimination claim as there was no evidence that his prior membership in uniformed services before defendant hired him was a motivating factor in its decision to terminate him). Moreover, Plaintiff now alleges that BSO was aware of his prior military service because he disclosed it to BSO and his interviewer, Mr. Miller, before he was hired. Thus, based on Plaintiff's allegations, BSO knew that Plaintiff was a veteran when it hired him. D.E. 16 at ¶¶9-11; *see Rademacher,* 2010 U.S. Dist. LEXIS 33678 at *19(finding that plaintiff could not rely on proximity in time between his military activity and termination as he joined the Air Force Reserves almost 3-years prior to his termination and defendant knew of his membership during that time). It is implausible that BSO would then turn around and terminate Plaintiff a few months later based on his veteran status.

Based on his allegations, Plaintiff admits that there were "potential discrepancies" with his flight log book due to covert flights and he was aware of these discrepancies prior to his hire at BSO.

D.E. 16 at  ¶¶12-13. Likewise, Plaintiff's claim that "the discrepancies could easily be explained" and he could "easily provide them with the documentation" admits that discrepancies existed. However, Plaintiff's conclusory allegation that documentation explaining the discrepancies could "easily be provided" or explained cannot be considered where it is contradicted by his allegation that it was physically located in a storage unit in Virginia. D.E. 16 at ¶¶24,27; *see Berry v. Coleman,* 172 Fed. Appx. 929, 932 (11th Cir. 2006)("[o]n a motion to dismiss, 'conclusory allegations and unwarranted deductions of fact are not admitted as true.' []. This is particularly true when the conclusory allegations contradict other facts alleged in the complaint.").

Moreover,  Plaintiff makes the contradictory allegation that scrivener's errors in his log book tendered to Ms. Fuller were used to justify his termination. D.E. 16 at ¶28. A "scrivener's error" is defined as a "'clerical error,' which is '[a]n error resulting from a minor mistake or inadvertence . . .; esp., a drafter's or typist's technical error that can be rectified without serious doubt about the correct reading.'" *Amorin v. Taishan Gypsum Co.,* 2019 U.S. Dist. LEXIS 144097 at *11-12(S.D. Fla. May 20, 2019)(internal citation omitted). If scrivener's errors or clerical errors resulting from minor mistake or inadvertence were used to justify Plaintiff's termination as he alleges, then it is implausible that a log book housed in a storage unit in Virginia would explain the discrepancies.

In cases of alleged discriminatory termination from employment, as the Eleventh Circuit has explained, a termination recommendation by a party without power to actually terminate the employee may be actionable if the plaintiff proves that the recommendation directly resulted in plaintiff employee's termination. *Stimpson v. Tuscaloosa*, 186 F.3d 1328, 1331(11th Cir. 1999). However, "the plaintiff must prove that the discriminatory animus behind the recommendation, and not the underlying employee misconduct identified in the recommendation, was an actual cause of

the other party's decision to terminate the employee." *Id.*

Here, Plaintiff has not identified the alleged decision maker over his termination. Nonetheless, Plaintiff, by his own allegations, admits that his failure to demonstrate his qualifications to be a pilot as required by Federal regulations lead to his termination. Thus, as further explained below, the decision to separate Plaintiff's employment was justified apart from any alleged bias towards members of the military. *See Duncan v. Alabama*, 734 Fed. Appx. 637, 640 (11th Cir. 2018)(affirming summary judgment to employer in race discrimination case where undisputed evidence indicated that plaintiff's admitted misconduct justified the decision to demote her, apart from any bias tainting the recommendation, and thus any alleged bias was not the proximate cause of her demotion).

The Federal Aviation Administration ("FAA") has the authority to create regulations and minimum standards for practices, methods and procedure necessary for safety in air commerce. *Hughes v. Eleventh Judicial Circuit of Fla.,* 274 F. Supp. 1334, 1342 (S.D. Fla. 2003)(citing 49 U.S.C. §44701(a)(5)). "A key factor in flight safety is the qualifications and capacity of those at the helm of the flights, namely the pilots." *Hughes*, at 1342. Under this grant of authority from Congress, the FAA has promulgated extensive regulations in pilot licensing (14 C.F.R. §61.1 *et. seq.*) and operating requirements (14 C.F.R. §§121.1 *et. seq.* & 135.1 *et. seq.*). *Id.*

Part 135 prescribes rules governing each person employed by a certificate holder conducting operations thereunder and helicopter air ambulance operations. 14 C.F.R. §135.1(a). Each certificate holder must keep at its principal business office, and shall make available for inspection by the Administrator, the record of each pilot used in operations, including the pilot's aeronautical experience in sufficient detail to determine the pilot's qualifications to pilot aircraft in operations

under Part 135.14 C.F.R. §135.63(a)(4).

Under the applicable regulations, a pilot is required to make log book entries with specific information in order to satisfy the requirements for recording training and aeronautical experience required under that part. 14 C.F.R.§61.51(a),(b). The regulations also require a pilot to present their log book for inspection upon a reasonable request by the Administrator,[2] an authorized representative from the National Transportation Safety Board ("NTSB"), or any Federal, State or local law enforcement officer. 14 C.F.R.§61.51(i). Additionally, it should be noted that a pilot may not make any fraudulent or intentionally false entry in a log book that is required to show compliance with any requirement under the regulations. 14 C.F.R.§61.59; *see Coghlan v. NTSB,* 470 F.3d 1300, 1307-08 (11th Cir. 2006)(finding that NTSB precedent is clear that revocation of a pilot's airman certificate can be supported by even one instance of intentional falsification).

Based on Plaintiff's own allegations, BSO had legitimate, non-discriminatory reasons to separate Plaintiff from his employment as a Helicopter Pilot in the Air Rescue Division. Specifically, Plaintiff admits that there were errors in his flight log book and admits that he did not have the log book documentation allegedly explaining the errors or deficiencies in his possession. Under FAA regulations that apply to pilot licensing and operating requirements as a matter of air commerce safety, Plaintiff was required to keep a log book recording his aeronautical experience and provide same so that his qualifications to pilot aircraft in operations under Part 135 could be determined.

While USERRA affords certain protections to service members, it certainly "does not exempt those in the military from complying with the usual rules of behavior in the workplace or being

---

[2] "Administrator" means the Federal Aviation Administrator or any person to whom he has delegated his authority in the matter concerned. 14 C.F.R. §1.1.

subject to the usual discipline." *Corbin v. Southwest Airlines, Inc.,* 2018 U.S. Dist. LEXIS 171672 at*43(S.D. Tex. Oct. 4, 2018). Indeed, "USERRA was certainly never intended to allow a person to be exempt from necessary and important training for a job." *Gipson v. Cochran*, 90 F.Supp. 3d 1285, 1299(S.D. Ala. 2015). As such, Plaintiff fails to state a claim for violation of USERRA in connection with his former employment as a Helicopter Pilot where his flight log book contained errors or discrepancies and he admittedly failed to provide log book documentation explaining same to BSO.

Similarly, "USERRA does not prohibit an employer from weighing the job-related skills that various applicants may have acquired in military service." *Goico v. Boeing Co.*, 347 F.Supp. 2d 955, 983-84 (D. Kan. 2004). Here, Ms. Fuller's alleged statements involve her assessment that civilian trained pilots and pilots with Part 135 experience were better qualified for the Helicopter Pilot position in Air Rescue. Clearly, Ms. Fuller's alleged statements concern certain training and experience as qualification for the Helicopter Pilot position. Thus, even if true, Ms. Fuller's alleged statements do not violate USERRA.

Further, even assuming *arguendo* that the alleged statements could be considered discriminatory, Plaintiff still fails to state a claim where allegations of systematic discrimination towards members of the military are not tied to Plaintiff's separation from employment which is at issue in this case. *See Jones v. HHS*, 718 Fed. Appx. 958, 961-62 (Fed. Cir. 2017)(finding that complainant's allegations of systemic discrimination towards veterans were not tied to the hiring decision at issue in the case and that complainant must demonstrate that the employer decided not to select him for the position based on *his* military service or prior USERRA activity); *see also Williams v. Dept. of the Navy,* 89 Fed. Appx. 724, 727(Fed. Cir. 2004).  Again, as explained above, Plaintiff by his own allegations was separated from employment as an Air Rescue Helicopter Pilot

10

because of errors or discrepancies in his flight log book. While Plaintiff alleges that Ms. Fuller made anti-military statements, he at the same time alleges that Ms. Fuller justified his termination using errors in his log book and that Chief Nugent told him he was being terminated because of discrepancies in his log book. In short, the Second Amended Complaint is devoid of facts that support Plaintiff's conclusory allegation that BSO terminated him due to <u>his</u> prior military service or veteran status.

As to Plaintiff's conclusory and unsupported allegations of his belief that he was treated differently than similarly situated non-military pilots that he fails to identify, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *Norris v. Glassdoor, Inc.,* 2018 U.S. Dist. LEXIS 117043 at *16-18(S.D. Oh. Jul. 13, 2018)(granting motion to dismiss and stating that although the amended complaint made bare statement that employer subjected plaintiff to disparate treatment on basis of prior service, plaintiff failed to provide any factual allegation to support this legal conclusion). There are no alleged facts showing that Plaintiff was treated differently than pilots that do not have a history of prior military service and Plaintiff certainly was not exempt from requirements of the position and applicable Federal regulations simply because he is a veteran.

Plaintiff's conclusory allegation that he was terminated by BSO is belied by allegations that he was presented with a termination and resignation form and signed the form indicating that he was resigning. Employee resignations are presumed to be voluntary. *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568(11th Cir. 1995). Moreover, resignations obtained in cases where an employee is faced with possible termination for cause or criminal charges as alternatives "are nevertheless voluntary because the fact remains that plaintiff *had a choice*. Plaintiff could stand pat and fight."

*Id.*(internal quotations and citation omitted). Once again, Plaintiff's factual allegations are insufficient to support his conclusory allegation that he was terminated, but rather establish that he voluntarily resigned. Likewise, Plaintiff's allegation that he was ordered to resign is belied by his allegation that he was presented with both resignation and termination forms at that time. In alleging that BSO somehow made a "decision to constructively terminate Plaintiff due to his military status and service" and in a contradictory manner that Plaintiff "withdrew his resignation," Plaintiff further undermines any claim of constructive discharge. D.E. 16 at ¶¶34,37; *see Marquez v. Flextronics Am., LLC,* 2014 U.S. Dist. LEXIS 13540 at *11 (S.D. Fla. Sept. 25, 2014)("A claim for constructive discharge requires that the employer make the conditions of employment so intolerable that a reasonable person in the employee's position would be compelled to resign.").

Overall, Plaintiff's conclusory allegations are unsupported by facts and contradictory. Plaintiff fails to plead sufficient facts to establish that his status as a veteran or military service from which he was discharged in 2011 was a substantial or motivating factor in BSO's alleged decision to constructively terminate his employment. As in *Ladd v. W. Palm Beach,* 2014 U.S. Dist. LEXIS 198955 at *8-10(S.D. Fla. Sept. 5, 2014), Plaintiff has failed to meet his obligation to provide the grounds for his entitlement to relief under USERRA and his claims must be dismissed.

### B.    Retaliation

USERRA's anti-retaliation provision prohibits employers from taking an adverse employment action against an employee who has taken action to enforce a protection under USERRA. *See* Section 4311(b)(1),(4); *Holt v. Hydraulic Hose of Hillsborough, LLC,* 2018 U.S. Dist. LEXIS 223382 at *5(M.D. Fla. Nov. 9, 2018). Plaintiff must first show that (1)he took an action protected by USERRA; and (2)his protected action was a substantial or motivating factor in the

adverse employment action taken against him. *Jones v. HHS*, 703 Fed. Appx. 977, 980 (Fed. Cir. 2017). The employer may avoid liability by proving the adverse action would have been taken in the absence of the protected activity. *Ward v. UPS,* 580 Fed. Appx. 735, 739 (11th Cir. 2014); Section 4311(c)(2).

The factual allegations of Plaintiff's Second Amended Complaint are insufficient to support his claim of retaliatory termination under USERRA. Specifically, Plaintiff claims in this lawsuit that he was terminated for complaining about Defendant's discrimination in violation of Section 4311(a). D.E. 16 at ¶60. As explained in the Second Amended Complaint, Section 4311(a) provides that a person who is a member of, performs or has performed service in a uniformed service "shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership...[or] performance of service." D.E. 16 at ¶48. Thus, Plaintiff's retaliation claim is based on an alleged complaint of USERRA discrimination for "denial of initial employment, reemployment, retention in employment, promotion, or any benefit of employment" on the basis of membership in the military or performance of military service.

According to the Second Amended Complaint, Plaintiff did not file his alleged complaint detailing USERRA discrimination with "the City Attorney" and BSO until January 31. D.E. 16 at ¶34. However, Plaintiff alleges he was told he was being terminated several days before on January 28 and signed a resignation form. D.E. 16 at ¶¶24-32. Plaintiff's January 31 complaint of USERRA discrimination is insufficient to support a claim of retaliation where challenged conduct that occurred *before* a plaintiff filed his USERRA complaint cannot serve as basis for retaliation claim. *Dominguez v. Miami-Dade Cnty.,* 669 F.Supp. 2d 1340,1352(S.D. Fla. 2009); *see also Francis v. Booz, Allen*

*& Hamilton, Inc.*, 452 F.3d 299,309(4th Cir. 2006)("The actions that led to [plaintiff's] probation and termination began *before* her protected activity, belying the conclusion that a reasonable factfinder might find that [the employer's] activity was motivated by [plaintiff's] USERRA complaints.").

To the extent that Plaintiff allegedly made a complaint during a closed-door meeting, his allegations are insufficient to support any claim for relief that he was terminated on the basis that such verbal complaint made to Chief Smith and Pilot McDonald. As an initial matter, Plaintiff has not shown that such alleged complaint was a protected action under USERRA. In any event, Plaintiff's alleged verbal complaint to Chief Smith and Pilot McDonald on January 17 could not have been a complaint that Ms. Fuller had discriminated in violation of Section 4311(a) where there was no "denial of initial employment, reemployment, retention in employment, promotion, or any benefit of employment" by Ms. Fuller on the basis of military membership or service. The same is true as to Plaintiff's alleged verbal complaint to Ms. Fuller, at which point Ms. Fuller is alleged to have immediately changed the subject anyway. Finally, Plaintiff has not alleged any facts to support his conclusory allegation that he made a complaint to Chief Nugent about a violation of Section 4311(a) at any time during hie employment. *See* D.E. 16 at ¶60.

<u>Conclusion</u>

The grant or denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A district court need not allow another amendment (1)where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2)where allowing amendment would cause undue prejudice to the opposing party; or (3)the amendment would be futile." *Finch v. Morgan Stanley &*

*Co., LLC*, 2017 U.S. Dist. LEXIS 70740 at *20(S.D. Fla. May 7, 2017)(citing *id.*).  Here, Plaintiff

has had two opportunities to amend his allegations, but Plaintiff still fails to sufficiently state any

claim for relief under USERRA. Accordingly, his Second Amended Complaint must be dismissed

with prejudice.

   In sum, Plaintiff's contradictory factual allegations are insufficient to state a plausible claim

for relief against BSO for retaliatory or discriminatory termination under USERRA based on

Plaintiff's prior military service. Based on the reasoning and authority cited above, Plaintiff fails to

state a claim for relief under USERRA and his Second Amended Complaint must be dismissed with

prejudice.

   WHEREFORE, based on the foregoing, Defendant respectfully requests that this Court

dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice.

Dated: September 10, 2019    Respectfully submitted,

            s/Carmen Rodriguez
            Carmen Rodriguez (Florida Bar No. 710385)
            Email Address: crpa@crlaborlawfirm.com
            **Law Offices of Carmen Rodriguez, P.A.**
            Palmetto Bay Centre
            15715 South Dixie Highway, Suite 411
            Palmetto Bay, Florida 33157-1884
            Telephone:  (305) 254-6101
            Facsimile:   (305) 254-6048
            Attorneys for Defendant