UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61324-CIV-DIMITROULEAS

SCOTT THOMAS,

    Plaintiff,

vs.

BROWARD COUNTY SHERRIFF'S
OFFICE,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant Broward County Sheriff's Office ("Defendant" or "BSO")'s Motion for Summary Final Judgment, filed on November 9, 2020. [DE 37]. The Court has carefully considered the Motion, Plaintiff Scott Thomas ("Plaintiff" or "Thomas")'s Amended Response in Opposition [DE 47], Defendant's Reply [DE 50], the parties' statements of facts and opposition thereto [DE's 38, 48, 50], the exhibits and affidavits filed in the record, and is otherwise fully advised in the premises. For the reasons stated herein, the Court will deny the Motion.

### I.    Background

Plaintiff Thomas is a United States military veteran who served his country as a Helicopter Pilot in the United States Army from May 2004 until his honorable release in December of 2011. Plaintiff was hired by Defendant BSO as an Air Rescue Helicopter Pilot from his hire on November 8, 2018 until on or about January 28, 2019. Plaintiff commenced this

action on May 28, 2019 against Defendant BSO, alleging discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. §§ 4301-4335. *See* [DE 1]. The Second Amended Complaint, the operative pleading, was filed on August 27, 2019. *See* [DE 16]. Plaintiff alleges the following claims in his Second Amended Complaint: Count I – Discrimination in Violation of USERRA, 38 U.S.C. § 4311(a); and Count II – Retaliation in Violation of USERRA, 38 U.S.C. § 4311(b). Defendant filed a Motion to Dismiss as to both claims, which the Court denied in its entirety. *See* [DE's 17, 20]. Defendant filed its Answer and Affirmative Defenses to the Second Amended Complaint on January 8, 2020. *See* [DE 23]. Discovery has closed, and Defendant now moves for summary judgment as to both claims. *See* [DE 37].

II.     **Standard of Review**

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears "the stringent burden of establishing the absence of a genuine issue of material fact." *Suave v. Lamberti*, 597 F. Supp. 2d 1312, 1315 (S.D. Fla. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

"A fact is material for the purposes of summary judgment only if it might affect the outcome of the suit under the governing law." *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005) (internal quotations omitted). Furthermore, "[a]n issue [of material fact] is not 'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Flamingo S. Beach I Condo. Ass'n, Inc. v. Selective Ins. Co. of Southeast*, 492 F. App'x 16, 26 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 249–50 (1986)). "A mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment; there must be evidence from which a jury could reasonably find for the non-moving party." *Id.* at 26-27 (citing *Anderson*, 477 U.S. at 252). Accordingly, if the moving party shows "that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party" then "it is entitled to summary judgment unless the nonmoving party, in response, comes forward with significant, probative evidence demonstrating the existence of a triable issue of fact." *Rich v. Sec'y, Fla. Dept. of Corr.*, 716 F.3d 525, 530 (11th Cir. 2013) (citation omitted).

### III. Discussion

In this case, Plaintiff is proceeding on two claims with regard to his alleged unlawful termination. In his USERRA discrimination claim, Plaintiff takes the position that his military service was a motivating factor in his termination from employment with BSO. In his USERRA retaliation claim, Plaintiff takes the position that his employment with BSO was terminated based upon his multiple complaints about Interim Director Fuller's anti-military comments and discriminatory conduct. The Court will address each of these claims, in turn.

#### A. Count I – Discrimination in violation of USERRA

In Count I, Plaintiff claims that Defendant discriminated against him in violation of USERRA, 38 U.S.C. § 4311(a), which makes it unlawful for an employer to discriminate against an employee based on military service, as follows:

> (a) A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment,

>retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation.

38 U.S.C. § 4311(a).

At the outset, the Court rejects Defendant's contention that Plaintiff fails to establish a *prima facie* case of USERRA discrimination on the grounds that BSO giving Plaintiff the option to resign or be terminated removes BSO from liability under the USERRA because Plaintiff chose to resign when presented with those options. Pursuant to § 4311(a), former member of a uniformed service "shall not be denied . . . retention in employment. . . by an employer on the basis of that membership. . ." 38 U.S.C. § 4311(a). Defendant asserts in its summary judgment motion that "Plaintiff's undisputed testimony is that he was given a choice to resign or be terminated and told that he would need to leave the premises irrespective of his decision or whether he made a decision at all." *See* [DE 37] at p. 20. This unmistakably meets the standard of Plaintiff being denied retention in employment by BSO, his employer. *See* § 4311(a).

For an employee to make a *prima facie* case of USERRA discrimination, he must allege facts to show that his protected status was a "motivating factor" in the employment decision at issue. *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005). As the Eleventh Circuit explained in *Coffman*:

>Section 4311 clearly mandates proof of discriminatory motive. *See Sheehan v. Dep't of the Navy*, 240 F.3d 1009, 1013 (Fed. Cir. 2001); *Brandsasse v. City of Suffolk, Va.*, 72 F.Supp.2d 608, 616–17 (E.D. Va. 1999). The standard of proof is the so-called "but for" test. *Sheehan*, 240 F.3d at 1013.
>
>In order to establish his *prima facie* case, Coffman must show by a preponderance of the evidence that his protected status was a motivating factor in Chugach's decision not to hire him. *Brandsasse*, 72 F.Supp.2d at 617. A motivating factor does not mean that it had to be the sole cause of the employment action. Instead, "it is one of the factors that 'a truthful employer would list if asked for the reasons for its decision.'" *Id.* (citation omitted); *see also Smith v. School Bd. of Polk*

> *County, Fla.*, 205 F.Supp.2d 1308, 1314 (M.D. Fla.2002). "Indeed, [m]ilitary status is a motivating factor if the defendant relied on, took into account, considered, or conditioned its decision on that consideration." *Brandsasse*, 72 F.Supp.2d at 617 (citation omitted); *see also Smith*, 205 F.Supp.2d at 1314–15. Circumstantial evidence plays a critical part in these cases, "for discrimination is seldom open or notorious." *Sheehan*, 240 F.3d at 1014.

*Coffman.*, 411 F.3d at 1238.

The court can infer discriminatory motivation under the USERRA from a variety of considerations, such as: (1) proximity in time between the employee's military activity and the adverse employment action; (2) inconsistencies between the proffered reason and other actions of the employer; (3) an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity; and (4) disparate treatment of certain employees compared to other employees with similar work records or offenses. *Id*.

The Court agrees with Defendant that there can be no inference of discrimination as to the first factor in the *Coffman* analysis. There is insufficient proximity in time between Plaintiff's discharge from military service in 2011 and BSO's termination in his employment in 2019. However, upon a consideration of the record, the Court finds that Plaintiff has introduced evidence that would allow a reasonable jury to infer discriminatory motivation as to two of the four considerations listed in *Coffman*, to wit, (1) "inconsistencies between the proffered reason and other actions of the employer;" and (2) "an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity." If the plaintiff satisfies his initial burden of showing that his military status was a motivating factor in the decision, the burden then shifts to the employer to prove the affirmative defense that legitimate reasons, standing alone, would have induced it to take the same adverse action. *Coffman*, 411 F.3d at 1238-39; see 38 U.S.C. §4311(c)(1) ("An employer shall be considered to

have engaged in the actions prohibited...if the person's membership...[or] service...in the uniformed service is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership...[or] service..."). "This burden-shifting framework applies to so-called dual motive and so-called pretext cases." *Id.* at 1239.  Defendant contends that this claim must nonetheless be dismissed because Plaintiff was terminated based on the legitimate, non-pretextual reason of the discrepancies in his flight logbook. *See Coffman*, 411 F.3d at 1239 (holding summary judgment for employer is proper where undisputed evidence shows that employer would have made same decision regardless of plaintiff's military status).  However, Defendant fails to meet its burden of demonstrating at summary judgment that the undisputed facts show that "legitimate reasons, standing alone" would nonetheless have resulted in the termination of Plaintiff's employment.  Rather, Plaintiff has introduced evidence that would allow a reasonable jury to conclude that this reason was pretextual and that other non-military pilot employees would not have been terminated under the same circumstances.  Accordingly, the Court will deny Defendant BSO's motion for summary judgment as to the USERRA discrimination claim in Count I.

    B.  *Count II – Retaliation in violation of USERRA*

In Count II, Plaintiff claims that Defendant retaliated against him in violation of USERRA, 38 U.S.C. § 4311(b), which makes it unlawful for an employer to take an adverse employment action against an employee who has taken action to enforce a protection under USERRA, as follows:

> (b) An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding

> under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services.

38 U.S.C. § 4311(b).  *See Hayden v. Dep't of the Air Force*, 812 F.3d 1351, 1362-63 (Fed. Cir. 2016); *Coffman*, 411 F.3d at 1234-35.

For an employee to establish a claim under the anti-retaliation provision of USERRA, he must introduce facts sufficient to demonstrate the following: "(1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action." *Holt v. Hydraulic Hose of Hillsborough, LLC*, No. 8:18-CV-2082-T-33CPT, 2018 WL 7457682, at *2 (M.D. Fla. Nov. 9, 2018) (citation omitted).  *See also Jones v. Dep't of Health & Human Servs.*, 703 F. App'x 977, 980 (Fed. Cir. 2017).  "[W]hen the employee meets his initial burden, the employer may only avoid liability by showing that it would have taken the same action in the absence of the employee's protected action." *Jones*, 703 F. App'x at 980.

Defendant argues that Plaintiff fails to introduce facts demonstrating that Plaintiff engaged in a protected activity.  Defendant is correct that the Court already determined that Plaintiff's January 31, 2019 complaint to the County Attorney and the Broward County Sheriff detailing the alleged unlawful discrimination in violation of USERRA that he was subjected to by Interim Director of Operations Fuller cannot reasonably be found to be the basis for Defendant's decision to terminate his employment because Defendant had made the decision to terminate Plaintiff's employment and indeed had already told Plaintiff of its intention to terminate his employment on January 28, 2019. *See* [DE 20] at pp. 10-11.  *See Dominguez v. Miami-Dade Cty.*, 669 F. Supp. 2d 1340, 1352 (S.D. Fla. 2009), *aff'd*, 416 F. App'x 884 (11th

Cir. 2011) ("[T]the challenged conduct occurred before Dominguez filed his first USERRA complaint with DOL and cannot serve as the basis of a retaliation complaint."). However, Plaintiff has introduced sufficient evidence to create a disputed issue of material fact as to whether Plaintiff lodged complaints with his superiors, including Fuller, Chief Smith, and Pilot Brian McDonald about Fuller's discriminatory statements and hostility on the basis of his military service, prior to BSO's termination decision. Thus, the Court will deny BSO's summary judgment motion as to the issue of whether Plaintiff engaged in a protected activity.

Defendant also takes the position that it is entitled to summary judgment as to the USERRA retaliation claim as on the ground that its decision to terminate Plaintiff's employment was based on the legitimate, non-discriminatory reason that Plaintiff failed to meet probationary standards because of the discrepancies in Plaintiff's pilot log book. However, as the Court stated *supra,* Plaintiff has introduced evidence that would allow a reasonable jury to conclude that this reason was pretextual, allowing a fact-finder to conclude that the decision to terminate Plaintiff's employment was more likely than not motivated by a retaliatory motive. Defendant will have the opportunity at trial to attempt to meet its burden of proving that "it would have taken the same action in the absence of the employee's protected action." *See Jones*, 703 F. App'x at 980.

Accordingly, the Court will deny Defendant BSO's motion for summary judgment as to the USERRA retaliation claim in Count II.

### IV.  CONCLUSION

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 37] is **DENIED**;

2. The parties are reminded that Calendar Call is scheduled for February 19, 2021. *See* [DE 25]. Counsel must file any motions to appear at the calendar call telephonically 72 hours in advance. *See* [DE 44].

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Broward County, Florida, this 11th day of February, 2021.

*/s/ William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of Record