# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Broward Division

**SCOTT THOMAS,**                                  CASE NO.: 19-61324-CIV-DIMITROULEAS

       Plaintiff,

       v.

**BROWARD COUNTY SHERRIFF'S**

**OFFICE,**

       Defendant.

_____/

### <u>PLAINTIFF'S AMENDED MOTION FOR LIQUIDATED DAMAGES</u>

**COMES NOW,** Plaintiff Scott Thomas, by and through the undersigned counsel, hereby files this Motion requesting the imposition of Liquidated Damages and as grounds therefore states the following:

1.	On January 27, 2022, a Jury found that Defendant BSO willfully violated the law and held BSO liable for Discrimination and Retaliation in Violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), as codified in title 38 of the United States Code at sections 4301–4333.

2.	Pursuant to 38 U.S.C. § 4323(d)(1)(C), a prevailing plaintiff is entitled to a **doubling of the back-pay award** "if the court determines that the employer's failure to comply with the provisions of [USERRA] was willful."

3.	Similar to liquidated-damages provisions in other federal statutes, an employer acts willfully under USERRA if the evidence shows that it "either knew or showed reckless

disregard for the matter of whether its conduct was prohibited by the statute." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993).

4.      In anticipation of trial, the parties met, conferred, and submitted Joint Proposed Jury Instructions.  Therein, the parties agreed that the following instruction should be submitted to the Jury:

> If you find in Scott Thomas's favor and award him compensatory damages, you must decide whether Defendant BSO willfully violated the law.  If Defendant BSO knew that its employment decision violated the law, or acted in reckless disregard of that fact, then its conduct was willful.  If Defendant BSO did not know or knew only that the law was potentially applicable and did not act in reckless disregard as to whether its conduct was prohibited by the law, then Defendant BSO's conduct was not willful.

5.      Defendant BSO submitted this jury instruction on its own volition, first on September 17, 2021 [DE #71] and again on or around January 24, 2022, the first day of trial.  A Charge conference was also held wherein BSO did not raise any objection to the question of willfulness.

6.      Following this instruction, the question of willfulness was submitted to the jury on January 27, 2022.  In relationship to both claims, the verdict form posed the following question: "[Do you find] that Defendant BSO willfully violated the law?"  *See* DE 88 at page 2 ¶ 5, and page 5 ¶ 6.

7.      Based on substantial evidence presented at trial, the Jury answered both questions in the affirmative, finding that BSO willfully violated USERRA under both causes of action.  *See id.*

8.      As set for in Section 4323 (d)(1)(C), Plaintiff has a clear and explicit right to recover liquidated damages based on this finding, entitling Plaintiff to a doubling of the back-pay award.

9.      The statutory text granting a right to recover liquidated damages appears to be plain and unambiguous. *See* 38 U.S.C. § 4323(d)(1)(C).

10.      A plain reading of the text is consistent with the broader context of the USERRA statute as a whole. USERRA was intended to confer broad employment and reemployment rights to service members. Section 4323(e) *expressly instructs* courts to utilize their equitable powers to "vindicate fully" the rights and benefits provided by the statute.

11.      Courts have clearly established that USERRA, like its predecessor statutes, is to be liberally construed for the benefit of those who left civilian life to serve their country.  *E.g.*, *Alabama Power Co. v. Davis*, 431 U.S. 581, 584 (1977); *Gordon v. Wawa, Inc.,* 388 F. 3d 78, 81 (3d Cir. 2004); *Leib v. Georgia-Pac. Corp.*, 925 F. 2d 240, 245 (8th Cir. 1991) ("courts have universally held that the veterans' reemployment statute is 'to be liberally construed for the benefit of those who left private life to serve their country.'") (citations omitted).

12.      Indeed, USERRA was enacted to further strengthen veterans' reemployment rights and one of the additional protections not available under predecessor statutes was the right to seek liquidated damages. *See* 38 U.S.C. § 2022 (1991); *Duarte v. Agilent Technologies, Inc*., 366 F. Supp.2d 1036, 1037 (D. Colo. 2005); *Spratt v. Guardian Auto. Prods*., 997 F. Supp 1138, 1141 (N.D. Ind. 1998).

13.      In accordance with S.D. Fla. L.R. 7.1.A., counsel for the movant has conferred with all parties who may be affected by the relief sought in the motion but has been unable to resolve the issues without court intervention.  Defendant has stated their intention to oppose the instant motion in addition to their forthcoming Motion for Judgement as a matter of law.

WHEREFORE, in light of the foregoing, the undersigned respectfully requests this Honorable Court issue an Order GRANTING liquidated damages in an amount equal to double

the back wages awarded by the Jury ($240,000.00), in the amount of $480,000.00 and any other relief this Court deems just and proper.

Dated this 2nd day of February 2022.

Respectfully submitted,
OBEIDY & ASSOCIATES, P.A.

By:  */s/ A. Andrew OBeidy*
A. Andrew OBeidy, Esquire
**Attorney for Scott Thomas**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been electronically filed through CM/ECF, and furnished to Defendant's counsel, Carmen Rodriguez, Esquire, via same, on this 2nd day of February 2022.

By:  */s/ A. Andrew OBeidy*
A. Andrew OBeidy, Esquire