UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 19-61324-CIV-DIMITROULEAS**

SCOTT THOMAS,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE,

    Defendant.
_____/

## **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR LIQUIDATED DAMAGES**

Defendant, BROWARD COUNTY SHERIFF'S OFFICE, (hereinafter "BSO"), through its counsel, Law Offices of Carmen Rodriguez, P.A., hereby files its Defendant's Response in Opposition to Plaintiff's Amended Motion for Liquidated Damages [DE 95], and states as follows:

This matter proceeded to jury trial wherein the jury returned a verdict for Plaintiff. Defendant has filed its timely Defendant's Motion for Judgment as a Matter of Law or, Alternatively, Motion for New Trial. [DE103], which is pending before the Court. As part of the special interrogatories, the Court submitted a question to the jury regarding "willfulness". Plaintiff's Amended Motion is vague. While conceding that the question of willfulness for purposes of liquidated damages is determined by the Court, Plaintiff seems to suggest that because the jury found willfulness, the Court may not deny liquidated damages. If this is what Plaintiff vaguely contends, Plaintiff's contention is in error.

While the court can certainly obtain an advisory opinion from the jury as to this issue, the determination of liquidated damages rests with the sound discretion of the trial court. Similar to

the determination of liquidated damages under the Fair Labor Standards Act, USERAA at 38 USC 4323(d)(1), specifically provides that "The **Court may** require the employer to pay the person an equal amount as liquidated damages, **if the Court determines** that the employer's failure to comply with the provisions of the statute was willful." The express language of the statute plainly states that the question whether or not to award liquidated damages is left to the sound discretion of the trial court.

Plaintiff's Amended Motion then proports to be based on the "substantial evidence presented at trial", but Plaintiff fails to address any of the evidence at trial whatsoever, much less any evidence that would support that BSO showed a reckless disregard for the law. As fully reviewed in Defendant's Motion for Judgment as a Matter of Law or, Alternatively, for a New Trial, BSO submits that the evidence at trial here fails to support a finding that BSO violated any of Plaintiff's rights under USERRA in the first instance. Failing to establish a violation of the law, the trial evidence certainly does not support a finding that BSO acted in reckless disregard of USERRA in its decision to separate the Plaintiff during his probationary period and it would be unnecessary for the Court to reach a willfulness determination in the case. Herrera v. City of Hialeah, 2021 U.S. LEXIS 218033; 2021 WL 5630914 (S. D. Fla. November 10, 2021)(citing Annarumma v. City of High Springs, 846 F. App'x 776, 785 n. 13 (11th Cir.2021).

Indeed, the great weight of the evidence is compelling that Defendant acted well within its sound discretion as an employer. Notwithstanding his probationary status which allowed him to be separated at-will, the decision-maker, Tammy Nugent, fully reviewed the grounds for separation. She required the input and consensus of the Director of Operations for the unit, Jesse Madrigal, who is himself a military pilot who has served the military in active duty during his

2

employment with BSO. Thus, Nugent ensured to her full satisfaction that the decision to separate Plaintiff was fully justified.

Nonetheless, Plaintiff's Motion fails to articulate any basis in the evidence at trial on which the Court can find willfulness and there is no evidence cited by Plaintiff for Defendant to address or refute here. In the abundance of caution and to avoid duplication, Defendant incorporates its summary of the evidence at trial as laid out in its pending Rule 50 Motion as if fully restated herein [DE 103].

While the determination belongs to this Court in its sound discretion and Plaintiff's Motion fails to site to any basis in the record evidence to support such an unjust conclusion, it also bears noting that the special interrogatory fails to define "reckless disregard" or otherwise explain the standard for imposition of such damages. As such, this advisory opinion can be of little guidance to the court in its thoughtful determination of the record evidence. It is also significant that the jury seemed to misunderstand the special verdict form. Question No.5, specifically instructed that if you do not award damages, you are to sign and date the form and not proceed. Yet, the jury inserted "0 Zero" and proceeded nonetheless to Question No. 6 as to willfulness, despite a clear directive not to do so.

WHEREFORE, Defendant respectfully requests that Plaintiff's Amended Motion for Liquidated Damages be denied.

Dated: March 8, 2022

Respectfully submitted,

s/ Carmen Rodriguez
Carmen Rodriguez - Florida Bar No. 710385
E-mail address: crpa@crlaborlawfirm.com
Law Offices of Carmen Rodriguez, P.A.
15715 S. Dixie Highway, Suite 411
Palmetto Bay, Florida 33157
Telephone: (305) 254-6101
Facsimile: (305) 254-6048
Attorneys for Defendant BSO