UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61324-CIV-DIMITROULEAS

SCOTT THOMAS,

    Plaintiff,

vs.

BROWARD COUNTY SHERRIFF'S
OFFICE,

    Defendant.
_____/

**OMNIBUS ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR LIQUIDATED DAMAGES; DENYING DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR ALTERNATIVELY FOR NEW TRIAL**

THIS CAUSE is before the Court on Plaintiff Scott Thomas ("Plaintiff" or "Thomas)'s Amended Motion for Liquidated Damages [DE 95] and Defendant Broward County Sheriff's Office ("Defendant" or "BSO")'s Renewed Motion for Judgment as a Matter of Law or Alternatively for New Trial [DE 103]. The Court has carefully considered the Motions, Responses, Replies, and is otherwise fully advised in the premises.

    I.    **BACKGROUND**

Plaintiff Thomas commenced this action on May 28, 2019 against Defendant BSO, alleging discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. §§ 4301-4335. *See* [DE 1]. The Second Amended Complaint, the operative pleading, was filed on August 27, 2019. *See* [DE 16]. Plaintiff is a United States military veteran who served his country as a Helicopter Pilot in the United States Army from May 2004 until his honorable release in December of 2011.

Plaintiff was employed by Defendant BSO as an Air Rescue Helicopter Pilot from his hire on November 8, 2018 until on or about January 28, 2019. Plaintiff alleges the following claims in his Second Amended Complaint: Count I – Discrimination in Violation of USERRA, 38 U.S.C. § 4311(a); and Count II – Retaliation in Violation of USERRA, 38 U.S.C. § 4311(b). Defendant filed a Motion to Dismiss as to both claims, which the Court denied in its entirety. *See* [DE's 17, 20]. Defendant filed its Answer and Affirmative Defenses to the Second Amended Complaint on January 8, 2020. *See* [DE 23]. After the close of discovery, Defendant moved for summary judgment, which the Court denied, finding that disputed issues of material fact precluded summary judgment as to both USERRA claims. *See* [DE's 37, 54].

This case proceeded to a trial by jury, which occurred on January 24-27, 2022. *See* [DE's 83-86]. On January 27, 2022, the jury returned a verdict in favor of Plaintiff and against the Defendant as to both the USERRA discrimination claim and the USERRA retaliation claim. *See* [DE 88]. The jury awarded a total amount of damages of $240,000.00. *See id.* As to both claims, the jury answered "yes" to the question of whether Defendant BSO willfully violated the law. *See id.*

On January 28, 2022, the Court entered a Final Judgment in favor of Plaintiff and against Defendant in the amount of $240,000. *See* [DE 90].

Following the entry of Final Judgment, Plaintiff moved for an award of liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C) of USERRA. Subsequently, Defendant timely moved for entry of judgment as a matter of law, or alternatively for a new trial. For the following reasons, the Court denies the Motions.

## II. DISCUSSION

### A. *Motion for Judgment as a Matter of Law or, Alternatively, for New Trial*

Motions for judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure (the "Rules") attack the sufficiency of the evidence to support a jury's verdict. *See* Fed. R. Civ. P. 50(a). Under Rule 50, "[a] party's motion for judgment as a matter of law can be granted at the close of evidence or, if timely renewed, after the jury has returned its verdict, as long as there is no legally sufficient evidentiary basis for a reasonable jury to find for the non-moving party." *Chaney v. City of Orlando*, 483 F.3d 1221, 1228 (11th Cir. 2007) (internal quotation marks omitted). "[I]n ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence." *Id.* The Court views all evidence in the light most favorable to the prevailing party at the trial and makes all inferences in that party's favor. *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (11th Cir.1983). To grant the motion, the Court must conclude that even in this favorable light, the evidence points "so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict." *Id.* (internal quotation marks omitted).

Pursuant to Rule 59(a)(1)(A), a new trial may be granted "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." A party may seek a new trial by arguing that "the verdict is against the weight of the evidence[1], that the

---

[1] Under Rule 59, "[a] judge should grant a motion for a new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001) (internal quotation marks omitted). Nevertheless, "[b]ecause it is critical that a judge does not merely substitute his judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." *Id.*

damages are excessive, or that, for other reasons, the trial was not fair to the party moving; and may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence or instructions to the jury." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940); *see also Weisgram v. Marley Co.*, 528 U.S. 440, 452 (2000).  That said, the remedy of granting a motion for new trial "is sparingly used." *Johnson v. Spencer Press of Maine, Inc.*, 364 F.3d 368, 375 (1st Cir. 2004) (citation omitted).  A motion brought pursuant to Rule 59 may not "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). A district court has broad discretion in determining whether a new trial is warranted in a particular case. *See, e.g., Hessen for Use and Benefit of Allstate Ins. Co. v. Jaguar Cars, Inc.*, 915 F.2d 641, 644 (11th Cir. 1990).  The decision to alter or amend a judgment pursuant to Rule 59(e) is committed to the sound discretion of the trial judge.  *American Home Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).

      Defendant seeks judgment as a matter of law in its favor or alternatively a new trial on the grounds that Plaintiff failed to establish violations of USERRA as to either the discrimination claim or the retaliation claim.  As to the USERRA discrimination claim, Defendant argues that Plaintiff failed to establish a *prima facie* case because he failed to show that his protected status was a "motivating factor" in the employment decision at issue by a preponderance of the evidence under any of the considerations set forth in the Eleventh Circuit's analysis in *Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005).  As to the USERRA retaliation claim, Defendant contends that Plaintiff failed to show that he engaged in a protected activity and that he failed to establish causation.  Defendant also argues that, even if Plaintiff satisfied his initial burden of establishing a *prima facie* case as to either claim, the undisputed

evidence established Defendant's defense that the legitimate, non-pretextual reason of the discrepancies in his flight logbook, standing alone, would have induced it to take the same adverse action. *See, e.g., Coffman*, 411 F.3d at 1238-39; *see* 38 U.S.C. §4311(c)(1) ("An employer shall be considered to have engaged in the actions prohibited...if the person's membership...[or] service...in the uniformed service is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership...[or] service..."). "This burden-shifting framework applies to so-called dual motive and so-called pretext cases." *Id.* at 1239.

Defendant made similar arguments in its summary judgment motion, which the Court denied based on the Court's determination that there were genuine issues of material fact in this case and that a reasonable jury could find for Plaintiff as to both claims. *See* [DE 54]. Viewing the evidence at trial in the light most favorable to Plaintiff, a reasonable jury could – and did – infer discriminatory motivation for a *prima facie* case of USERRA discrimination based on the evidence presented at trial supporting at least two of the *Coffman* factors, "inconsistencies between the proffered reason and other actions of the employer;" and "an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity." There was also sufficient evidence presented at trial that Plaintiff engaged in protected activity through a series of Plaintiff's complaints and objections to many people at many different times about Fuller's anti-military animus, comments and biases prior to the termination decision, supporting the jury's verdict as to the USERRA retaliation claim. Further, a reasonable jury also could – and did – rely on ample evidence of inconsistencies, weaknesses, contradictions and/or implausibilities in the proffered reason for discharging Plaintiff's employment to determine that the proffered reason was pretextual and that "legitimate reasons,

standing alone" would not have resulted in the termination of Plaintiff's employment.  Here, it was up to the jury to weigh the credibility of witnesses and the conflicting evidence and inferences.  The jury was entitled to believe Plaintiff (and the corroborating testimony of Larsen and McDonald) and not Fuller, who was not a very credible witness. The jury was also permitted to find that Nugent deferred to Fuller because of her pilot experience, and the jury was entitled to credit that testimony that Fuller was the decisionmaker.  Based on the foregoing, the Court holds that the jury's verdict as to Defendant's liability under both the USERRA discrimination claim and the USERRA retaliation claim is supported by legally sufficient evidence, and that it was not against the clear weight of the evidence. Accordingly, Defendant's motion for judgment as a matter of law under Rule 50(b) or, alternatively, for a new trial under Rule 59 shall be denied.

  B. *Motion for Liquidated Damages*

Post-trial, Plaintiff moved for an award of liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C) of USERRA.  Pursuant to 38 U.S.C. § 4323(d)(1)(C), a prevailing plaintiff is entitled to a doubling of the back-pay award "if the court determines that the employer's failure to comply with the provisions of [USERRA] was willful."  The employer's knowledge alone that its conduct is illegal does not suffice for liquidated damages; rather, the employee must demonstrate that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993).

In its verdict, the jury awarded to Plaintiff a total amount of damages of $240,000.00. *See* [DE 88].  The Court notes that the jury answered a non-binding special interrogatory as to whether Defendant BSO willfully violated the law, stating "yes" as to this question as to both of Plaintiff's USERRA claims.  *See id.*

While the Court did request an advisory opinion from the jury as to the issue of willfulness, the determination of liquidated damages under USERRA is ultimately left to the Court pursuant to the plain statutory language of § 4323(d)(1)(C).  In this case, upon careful consideration of the evidence presented at trial, the Court disagrees with the jury's advisory finding and does not find that Defendant BSO's failure to comply with the provisions of USERRA was willful.  Accordingly, Plaintiff's motion for liquidated damages shall be denied.

## III.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motions [DE's 95, 103] are hereby **DENIED**.  This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers, Ft. Lauderdale, Broward County, Florida, this 25th day of March, 2022.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record