# Exhibit "D"

IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF FLORIDA

**Broward Division**

SCOTT THOMAS,                                          CASE NO.: 19-61324-CIV-DIMITROULEAS
Plaintiff

v.

BROWARD COUNTY SHERIFF'S OFFICE,
Defendant.
_____/

## DECLARATION OF CATHLEEN SCOTT IN SUPPORT OF PLAINTIFF'S MOTION TO SET AMOUNT OF ATTORNEYS' FEES FOR OBEIDY AND ASSOCIATES P.A.

1. My name is Cathleen Scott. I am competent to make this declaration. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an attorney licensed to practice law in the State of Florida and have been a member of the Florida Bar since 1998.

3. I am lead counsel at Scott Wagner and Associates P.A/ based in Jupiter, FL and I specialize in labor and employment law.

4. I am a member in good standing of the bar the United States District Court for the Southern District of Florida.

5. Since 2006, I have been Board Certified in Labor and Employment Law by the Florida Bar.

6. Based on my knowledge of USERRA case law and the facts of this case, the results obtained in this case by attorney Andrew Obeidy are significant.

7. Mr. Obeidy has informed me that he served as lead counsel for Plaintiff Scott

1

Thomas, and that a verdict with a willful finding of unlawful USERRA discrimination and retaliation was rendered by a jury in this matter.

8. I have litigated cases in the Southern District. I am familiar with the prevailing fee rate of attorneys representing plaintiffs in employment law cases through my research of recent fee awards to plaintiffs' employment-law attorneys in the Southern District, and through discussions with plaintiffs' employment-law attorneys known to me who practice in teSouthern District.

9. I have reviewed the key filings in this case, including the pleadings, motion for summary judgment , post-trial order on liquidated damages and the responses thereto; the opposition to the Rule 50b Renewed Motion for Judgment as a Matter of Law; time records of Mr. Obeidy, Alexandra Kirby and David Colls and the Plaintiff's motion for fees. I have not reviewed correspondence or research files.

10. Based on my review of Mr. Obeidy's time record, my review of the case documents, and my discussions with Mr. Obeidy, the total time of 396.9 hours that he has claimed for his work on Mr. Thomas' case is reasonable and consistent with a case of this nature.

11. The hourly rate of $400 requested by Mr. Obeidy for his services is reasonable, particularly given the novelty and complexity of the USERRA claim and Mr. Obeidy's victory on the USERRA claim at trial. I am familiar with the hourly rates of attorneys representing plaintiffs in employment-law cases in the Southern District of Florida that the hourly fee rate for attorneys who, like Mr. Obeidy, have been in practice for twenty-three years generally ranges between $400 and $500. My current rate is $475.00

12. Awarding Mr. Obeidy $400 would appropriately place him at the low-point between the lowest known average rate for plaintiffs' employment-law attorneys in the Southern District.

13. The facts that Mr. Obeidy served as lead counsel for the plaintiff in this case and is

a partner in his firm also would make an award at $400 hourly rate appropriate. To compensate Mr. Dickens at an hourly rate of less than $400 would be more commensurate with the rates recently awarded by this Court to associate attorneys.

14. Based on my review of the time record of Alexandra Kirby, and her affidavit I believe her reported work and time on the case of 169 hours is reasonable.

15. Ms. Kirby's billed rate of $100 per hour for her work done as a law clerk while in law school and prior to her admission to the Florida Bar is not only reasonable but probably too low.

16. I have worked 2 hours reviewing records, pleadings, and preparing this declaration.

17. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: April 8, 2022.

_____
Cathleen Scott

3