UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 19-61324-CIV-DIMITROULEAS**

SCOTT THOMAS,

    Plaintiff,

v.

BROWARD COUNTY SHERIFF'S
OFFICE,

    Defendant.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SET AMOUNT OF ATTORNEYS' FEES

Defendant, BROWARD COUNTY SHERIFF'S OFFICE, (hereinafter "BSO"), through its counsel, Law Offices of Carmen Rodriguez, P.A., hereby files its Response to Plaintiff's Motion to Set Amount of Attorneys' Fees [DE 121], and states as follows:

Plaintiff did not file a Motion for Attorneys' Fees, but a Motion to Set Amount, improperly presuming that Plaintiff's entitlement to any attorney's fees under the circumstances here has already been determined; it has not. Plaintiff filed his Motion in complete disregard for Local Rule 7.3 and failed to comply with Local Rule 7.3 even after the Court granted him an extension to file his Motion [DE 119]. Plaintiff's claim that the Court's Order granting him an extension to file his Motion was somehow "unclear" as to the requirement to comply with the applicable rules is without merit. The Court's Order said nothing excusing Plaintiff from the requirements of Local Rule 7.3, for which Plaintiff has had a willful disregard despite requests from Defendant to comply. Moreover, Plaintiff's time records are not properly maintained; with single entries for significant bulks of hours with generalized descriptions, verbatim identical entries for himself and his two law

clerks and other discrepancies. Notably, Plaintiff requests attorneys' fees well over two times what Plaintiff stated in the Joint Pretrial Stipulation as Plaintiff's fees incurred "to date" and as to his estimated "maximum allowable." Plaintiff has no explanation for this grave discrepancy. Plaintiff's willful failure to comply with Local Rule 7.3 has rendered the meet and confer useless and severely prejudiced Defendant's ability to contest the exorbitant fees sought here.

Final Judgment was entered by the Court on January 27, 2022 [DE 90]. It was not until March 17, 2022 that Plaintiff's counsel first communicated with Defendant's counsel about his motion for fees. By email on that date, Plaintiff sought to "meet and confer," however, Plaintiff had never provided Defendant with any billing statements whatsoever or with the draft Motion as required by Local Rule 7.3. *See* Defendant's Response to Plaintiff's Motion for Extension [DE 116]. Plaintiff's counsel then filed a Motion for Extension [DE 115]. The Motion was convoluted and asked to be excused from the requirements of Local Rule 7.3, alleging that compliance would be "futile" (although Plaintiff had taken no steps whatsoever to comply to determine futility). The basis for the alleged futility was merely that Defendant had indicated that it intended to file a Rule 50 Motion.[1] Even after Defendant made Plaintiff aware that he had not complied with Local Rule 7.3, Plaintiff still did not provide Defendant with any draft motion or any billing statements as required by Local Rule 7.3. The Court subsequently granted Plaintiff an extension of time to file his motion for fees to April 8, 2022. The Order did not grant Plaintiff any of the other relief he had requested and particularly did not waive any of the requirements of Local Rule 7.3 [DE 119].

---

[1] Local Rule 7.3 makes clear that the requirements of the rule must be met irrespective of any post-judgment motions.

Originally, this draft Motion for Attorneys' Fees would have been due on February 26, 2022, thirty (30) days after the entry of Final Judgment. Even with the extension, the draft Motion for Attorneys' Fees would have been due to Defendant on March 9, 2022, thirty (30) days prior to April 8, 2022, deadline. In fact, Plaintiff did not provide any draft of a motion for attorneys' fees or any billing statements until March 25, 2022, <u>eight (8) days after</u> he filed his Motion for Extension, and sixteen (16) days after it was due. Even then, Plaintiff did not provide Defendant with a copy of the draft motion complete with its attachments. Plaintiff's draft motion referenced multiple Affidavits to be attached in support. <u>None</u> of the Affidavits referenced in the draft motion were provided to Defendant. These Affidavits, which were not provided, were to be the basis for Plaintiff to establish the reasonableness of the fees and the rate; the very substance of the motion. Thus, Plaintiff never provided Defendant with a complete copy of the Motion. Defendant did not get a complete copy of the Motion until it was actually filed with the Court on April 8, 2022, in complete contravention of Local Rule 7.3, despite the Court granting an extension to comply. In fact, after receiving the incomplete draft motion on March 25th, Defendant specifically requested the Affidavits and Plaintiff responded that they would <u>not</u> be provided until the Motion was filed.

Adding to the complete disregard for Local Rule 7.3, the Motion to Set Amount of Attorneys' Fees actually filed by Plaintiff is <u>materially different</u> than the draft motion provided to Defendant on March 25th, including referencing a different affiant in support of fees and adding an Affidavit for Mr. Obeidy, which was not even mentioned in the draft motion nor provided to Defendant's counsel. Also, the draft motion listed a Daman Brody, Esq. as an affiant. The filed motion does not include an Affidavit from Daman Brody, Esq. and instead includes an Affidavit

3

from a Cathleen Scott, Esq. not listed in the draft motion. The motion which was filed is also materially different from the draft provided at ¶4.[2]

Based on well-established law, Plaintiff's Motion should be denied for willful non-compliance with Local Rule 7.3. In *Schwiep v. Exec. Dir.,* No. 19-CV-20146-Williams/Louis, 2020 U.S. Dist. LEXIS 13044, at *4-5 (S.D. Fla. Jan. 23, 2020), Plaintiff filed a renewed Motion for Attorney's Fees and attached an invoice of attorney's fees but, this motion was not in compliance with Local Rule 7.3. The Court held that Plaintiff's Motion was denied with prejudice for failure to comply. The Court reasoned that the requirements of Local Rule 7.3 are mandatory. *Id.* at *10 (citing *Sriskada v. Harbor Pita, Inc.,* No. 14-202526-CIV, 2014 U.S. Dist. LEXIS 110680 (S.D. Fla. Aug. 11, 2014)). Plaintiff's noncompliance with the Local Rules is reason alone to deny the Motion to Set Amount of Attorneys' Fees. *See Irish v. Reynolds*, No. 13-CIV-10063, 2018 U.S. Dist. LEXIS 4563 (S.D. Fla. Jan. 9, 2018) (denying motion for attorney's fees because movant admitted that it did not comply with Local Rule 7.3); *Norych v. Admiral Ins. Co.,* No. 08-60330-CIV, 2010 U.S. Dist. LEXIS 69793 (S.D. Fla Jun. 23, 2010) ("These errors alone are sufficient reason to deny the Motion."); *J.B. Hunt Transp., Inc. v. S&D Transp., Inc.,* 589 F. App'x 930, 933 (11th Cir. 2014) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B Hunt's motions, we affirm."). To allow a Plaintiff another opportunity to "'get it right' would render the procedure outlined in Local Rule 7.3 meaningless." *Id.* at *11 (quoting *Koppelman v. Galt Ocean Manor Condo Ass'n, Inc.,* No. 16-62175-CIV, 2017 U.S. Dist. LEXIS 217586 (S.D. Fla. Dec. 21, 2017).

---

[2] Defendant can provide the Court a copy of the draft motion that Plaintiff provided to Defendant, upon the Court's request.

In *Norych*, Defendant admitted in its Reply in Support of Motion for Attorneys' Fees that it did not comply with all the requirements under Local Rule 7.3(b). The Court held that these errors alone are sufficient reason to deny the Motion for Attorneys' Fees. *Id.*; *see, e.g., Provide Commerce, Inc. v. Preferred Commerce, Inc.,* No. 07-80185 CIV, 2008 U.S. Dist. LEXIS 9563 (S.D. Fla. Feb. 8, 2008) (denying a request for attorney's fees because the defendant failed to comply with the Local Rules). In the instant matter, Plaintiff's counsel also admits to non-compliance with the rule in his Motion [DE 121 ¶4]. Plaintiff's counsel's willful delays in providing the draft motion and the billing statements, refusal to provide affidavits in the draft Motion, and then changing the affiants and the motion itself renders a sham of the requirements of Local Rule 7.3. Therefore, Plaintiff's counsel's Motion to Set Amount of Attorneys' Fees should be denied for the complete and utter failure to comply with <u>any</u> of the procedural requirements of Local Rule 7.3.

Assuming the Court moves beyond the willful disregard for Local Rule 7.3, which we respectfully submit that the Court should not do, to determine the fees here, Plaintiff's submission does not justify either the billing rate that Plaintiff's counsel seeks or the hours alleged to be expended on the case. The billing records of Plaintiff's counsel do not allow for a reasonable assessment of the time alleged to be spent on particular tasks, as large bulks of time are recorded on a single date to cover a multi-day period with descriptions of the work performed as "including but not limited to". The billing records also evidence certain discrepancies that are difficult to accept. The time entries for Plaintiff's counsel and his two law clerks, David Colls and Alexandra Kirby, for the period January 16-27 are most troubling. The entries for each are verbatim, **<u>identical</u>** and are for **<u>precisely</u>** the same amount of time for each and every entry during this 9-day

5

period.   That three people can work precisely the same amount of time, on precisely the same day for 9 days with precisely the same description of tasks just stretches credibility and calls into question the reliability of these billing records. Alexandra Kirby and David Colls billed for <u>152 hours</u> that were <u>identical</u> in time and description from January 16, 2022 to February 22, 2022, this calls into question the truth and the veracity of these time entries. Adding to the concerning nature of these identical entries for Mr. Obeidy and his two law clerks is that both Colls and Kirby also have an identical entry on February 21 for precisely the identical "34 hours" each for exactly the same description, performing legal research and drafting on the very same document. Certainly, this Court should not condone such spurious billing submissions to the Court.   The billing records submitted by Plaintiff as DE 121-5 and DE 121-6 for Kirby and Colls, respectively, are attached hereto as Exhibit 1 and 2 for ease of reference.

There is another entry for Mr. Obeidy on <u>February 14, 2022 for 46.5 hours</u> for "received Def's Rule 50B Motion; Researched law, responded to same (From the dates of February 21 to March 11)."   It should be noted that this is the same work for which Colls and Kirby <u>each</u> recorded exactly the same 34 hours of work, as discussed above.   Thus, according to Plaintiff's counsel's billing records, he and his law clerks spent 114.5 total hours responding to this motion.   This type of bulk billing is not allowable as it does not allow for a proper detailed review of time spent on tasks.   It is also non-sensical to have a time entry on February 14 for entries February 21-March 11. There are many time entries for work alleged to have occurred days AFTER the date of the time entry.   There is an entry on January 27th for 7 hours for "trial and next day trial prep." However, January 27 was the last day of trial complete from closing statement to jury verdict and the court minutes show 3.5 hours in court.   What "next day trial prep" could Plaintiff's counsel

6

have been engaged in after verdict? Plaintiff's counsel also has many time entries where the entry includes muti-task description "including but not limited to" covering multiple days, which does not allow an assessment of what task was actually performed and the time alleged to complete the task.  As another example, there is a time entry on February 7 for 10 hours to "review trial transcript in anticipation of responding to Def. Motion for New Trial (from the dates of February 7 through February 10)".  However, Defendant did not file its Rule 50 Motion or Alternatively for New Trial until February 21 [DE 103]. Thus, Plaintiff's counsel billed 10 hours to review a trial transcript to respond to a motion that was not filed.   These 10 hours would be in addition to the 114.5 hours also recorded for this same motion. Such entries are certainly troubling.

As to the hourly rate sought, in the Affidavit of Plaintiff's counsel, Mr. Obeidy, he refers to a "lodestar" rate of $400/per hour. However, Mr. Obeidy has not established that he has ever been awarded that rate, or any rate for that matter, in this or any federal court in the Circuit. Plaintiff's counsel's Affidavit does not list any trial that he has participated in, much less any attorneys' fees he has been awarded in the past.   He also does not disclose the billing arrangement with his client or his customary billing rate.   The rate is of particular significance here, as this rate is being requested of a public entity to be paid from taxpayer dollars. Public entities have no choice but to regulate themselves and limit the rate they pay their attorneys.   In this case, the Defendant paid its outside attorney in this matter, Attorney Carmen Rodriguez, who has over 30 years of experience in labor and employment practicing before this Court, at the rate of $150.00 per hour. The Plaintiff is seeking more than double this rate. Defendant maintains that the applicable rate should be based upon the rate for Plaintiff's counsel's experience and reputation within the public sector, not the private sector.   Significantly, Mr. Obeidy fails to provide evidence that he has been

paid the rate he seeks by any court or any client, even in the private sector. It should also be noted that, while Defendant respects that the jury found for the Plaintiff, on substance, the Court did not believe that Plaintiff's case had great merit, as the Court was compelled to conclude: "I think it's a very weak case."   Trial Tr. Day 3, 198.

Finally, Plaintiff's billing records greatly exceed the amount of fees that Plaintiff represented in the Joint Pretrial Stipulation as incurred to date and are far in excess what Plaintiff stated as the required good faith estimate for the "maximum allowable through trial."  *See* Joint Pretrial Stipulation, p.12 ¶N [DE 53]. Plaintiff's counsel is claiming upwards of $190,000 in attorneys' fees. However, in the Joint Pretrial Stipulation, Plaintiff's counsel claimed $64,000 in fees and costs pre-trial. There were no substantive motions after this pretrial stipulation.   The good faith estimate through trial was $82,000.   Defendant's counsel asked for clarification about this glaring discrepancy during the meet and confer on Plaintiff's Motion and Plaintiff's counsel offered no explanation at all.   In *Busby v. City of Orlando*, 931 F.2d 764, 771 n.4 (11th Cir. 1991), the court held that voluntarily submitted pretrial stipulations are generally considered binding. (citing *Feazell v. Tropicana Prods., Inc.,* 819 F.2d 1036, 1040 (11th Cir. 1987) ("[m]atters stipulated in a pretrial order are binding on the parties unless modified and normally cannot be objected to on appeal.")). In *Morrison v. Genuine Parts Co.*, 828 F.2d 708 (11th Cir. 1987), the Court held that the district court has broad discretion in determining whether to hold a party to their stipulation. Additionally, *Hill v. Nelson*, 676 F.2d 1371, 1374 n.8 (11th Cir. 1982), reasoned that a Court will normally enforce the stipulation unless the enforcement of it would cause manifest injustice. (internal citations omitted). Finally, in *Blohm v. Comm'r*, 994 F.2d 1542, 1553 (11th Cir. 1998), the Court held that stipulations are not to be set aside lightly.

Plaintiff's deficient billing records coupled with Plaintiff's estimate of fees and costs incurred in the pretrial stipulation call into question Plaintiff's fees submission. Plaintiff fails to adequately support the $400/hour billing rate he seeks or properly document and account for the hours allegedly spent in this litigation. This was a short trial with less than three substantive trial days total. While Defendant submits that Plaintiff's non-compliance with Rule 7.3 and concerning billing records warrant denial of fees altogether, if the Court should grant a fees award under the circumstances here, Defendant submits that no more than $50,000 could be reasonably allowable. The jury award in this case was $240,000. The Court thereafter denied Plaintiff's Motion for Liquidated Damages [DE 120]. It strikes as odd and unjustified that Plaintiff should now seek attorneys' fees, after denial of liquidated damages, that seem to mirror a doubling of the verdict.

WHEREFORE, Defendant respectfully requests that Plaintiff's Motion to Set Amount of Attorneys' Fees be denied for complete and utter failure to comply with the mandatory procedural requirements of Local Rule 7.3.

Dated: April 21, 2022                        Respectfully submitted,

                                                    s/ Carmen Rodriguez
Carmen Rodriguez - Florida Bar No. 710385
E-mail address: crpa@crlaborlawfirm.com
Law Offices of Carmen Rodriguez, P.A.
15715 S. Dixie Highway, Suite 411
Palmetto Bay, Florida 33157
Telephone: (305) 254-6101
Facsimile: (305) 254-6048
Attorneys for Defendant BSO