UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-61324-CIV-DIMITROULEAS/SNOW

SCOTT THOMAS,

    Plaintiff,

vs.

BROWARD COUNTY
SHERIFF'S OFFICE,

    Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Motion to Set Amount for Attorney's Fees for Obeidy and Associates, P.A. (ECF No. 121) which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Motion is fully briefed and a hearing was conducted by the undersigned on May 18, 2022.

This was an action under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 28 U.S.C. §§4301-4333 for discrimination and retaliation. The case proceeded to trial and the jury found in favor of the Plaintiff. The jury calculated damages on the discrimination claim in the amount of $240,000; no damages were awarded on the retaliation claim. (ECF No. 88) On January 27, 2022, Final Judgment for the Plaintiff in the amount of $240,000 was entered. (ECF No. 90)

On March 17, 2022, the Plaintiff filed a Motion for Extension of Time to File a Motion for Attorneys' Fees and Costs past the due date of March 28, 2022, so that the Plaintiff could comply with all of the provisions of Local Rule 7.3, including conferral with opposing counsel. Alternatively, the Plaintiff asked the Court to waive

the conferral requirement as futile and allow the Plaintiff to timely file his fees motion on March 27, 2022. No mention was made of the requirement to serve a draft motion on opposing counsel. (ECF No. 115) The Defendant opposed this Motion, stating that it would be unfairly prejudiced if the Local Rule 7.3 requirements, including the serving of a draft motion, were waived. (ECF No. 116) On March 21, 2022, this Court granted the Motion for Extension of Time, directing that the Plaintiff file his Motion on or before April 8, 2022. The Order did not state that any of the requirements of Local Rule 7.3 would be waived. (ECF No. 119)

The instant Motion was filed on April 8, 2022. The Plaintiff seeks an award of attorneys' fees in the total amount of $190,840.00, consisting of $158,740.00 for 396.9 hours of work by attorney A. Andrew Obeidy at the rate of $400.00 per hour;[1] $16,900 in "paralegal" fees for 169.9 hours of work by law student Alexandra Kirby at the rate of $100.00 per hour, and $15,200.00 in "paralegal" fees for 152 hours of work by law student David Collis.

The Defendant objects to this Motion on several grounds. First, the Defendant contends that the Plaintiff failed to comply with the requirements of Local Rule 7.3 by failing to serve on the Defendant a complete draft of the motion. The Defendant states that the draft it received from the Plaintiff on March 25, 2022, contained none of the affidavits to which the draft motion referred. Moreover, the instant Motion added the affidavit of Mr. Obeidy, which was not referenced in the draft motion and substituted another affiant as a fee expert.

The Defendant also objects to Mr. Obeidy's hourly rate, noting that there is no evidence that Mr. Obeidy ever was awarded $400.00 per hour (or any other hourly

---

[1] The correct total for Mr. Obeidy for 396.9 hours of work at $400.00 per hour is $158,760.00.

rate) by any court, and the Defendant's counsel was paid at the rate of $150.00 per hour. The Defendant additionally objects to the hours claimed, pointing out that virtually all of billing entries by the two law students were identical, as were some entries by the law students and Mr. Obeidy. The Defendant emphasizes that virtually all billing entries constitute block billing; some entries were made before the date on which the work allegedly was performed, and one entry showed work for trial preparation after the trial had concluded. Finally, the Defendant notes that in the Pretrial Stipulation, filed on February 9, 2022, counsel for the Plaintiff stated that the Plaintiff had incurred $64,000.00 in fees (150 hours at $400.00 per hour)[2] as of that date and that the estimated total fees were $82,825.00. (ECF No. 53 at 12) The Defendant contends that the Plaintiff's fee award should not exceed $50,000.00.

## I. DISCUSSION

### A. Compliance with the Local Rule

The procedure for obtaining an award of attorneys' fees and costs is governed by the Local Rules for this District. S.D. Fla. Rule 7.3(a) sets out the "mechanism to assist parties in resolving fee and costs disputes by agreement" and states that "a motion for an award of attorneys fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion, as described in paragraph (b) below, has been completed." The Rule states that a motion for fees and/or costs must, among other requirements, be filed within 60 days of the entry of the final judgment or order giving rise to the claim, regardless of the prospect or pendency of supplemental review or

---

[2] The Court notes that 150 hours at $400.00 per hour would result in a total of $60,000 rather than the stated $64,000.

appellate proceedings; disclose the terms of any applicable fee agreement, and be verified.

The motion also must certify that effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and the amount. Local Rule 7.3(b) provides that a draft motion compliant with Local Rule 7.3(a) must be served within 30 days after the entry of the final judgment or order. Within 21 days of service of the draft motion, the parties must confer and attempt in good faith to agree on entitlement to and the amount of the fees and expenses not taxable under 28 U.S.C. § 1920.

It is undisputed that the Plaintiff did not comply with these requirements. The Plaintiff offered various explanations for this failure which need not be addressed here because counsel for the Defendant conceded at the hearing that she was not prejudiced in her ability to respond to the instant Motion. The undersigned pointed out at the hearing that the requirement that the parties attempt to resolve the fee issues by agreement is primarily for the benefit of the Court, and it is within this Court's discretion to consider a fee motion where the proponent has not strictly complied with the provisions of Local Rule 7.3. While the undersigned does not condone failure to comply with the Rule, and finds that Plaintiff's counsel did not establish good cause for this failure, the undersigned nevertheless concludes that in the interest of fairness the Motion should be considered on the merits.

### B. Amount of the Fee Award

Counsel for the Plaintiff is requesting a total fee award based on 396.9 hours of attorney time at $400.00 per hour and a total of 321.9 of time spent by two law students at the rate of $100.00 per hour. This Court must calculate a reasonable

attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, 836 F.2d at 1299.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own

knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id. Moreover, where billing records are voluminous, "an hour-by-hour analysis of a fee request is not required." Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). District courts may make reasonable "across-the-board percentage cuts" instead of engaging in an hour-by-hour analysis of a fee request. Id.

As to the number of hours expended by the Plaintiff's attorney and two law students, the undersigned notes that this case culminated in a trial lasting 3 ½ days. (ECF Nos. 83-86) A total of three depositions were taken, and the following substantive motions were litigated: Defendant's Motion to Dismiss the Second Amended Complaint (ECF No. 17); Defendant's Motion for Summary Judgment (ECF No. 37); Defendant's Motion to Strike Response in Opposition to Defendant's Motion for Summary Judgment (based on failure to comply with Local Rule 56.1) (ECF No. 43); Defendant's Motion to Strike Trial Witnesses (ECF No. 65); Plaintiff's Motion for Liquidated Damages (ECF No. 94); Defendant's Renewed Motion for Judgment as a Matter of Law (ECF No. 103), and the instant Motion. The parties also participated in mediation. (ECF No. 33)

With regard to the Renewed Motion for Judgment as a Matter of Law, the Court entered an Order to Show Cause why the motion should not be granted based on the Plaintiff's failure to file a response. (ECF No. 109) The Plaintiff responded to the Order to Show Cause by stating that this failure was based on a calendaring error, and filed his Response to the Renewed Motion on the following day. (ECF Nos. 110, 113)

As noted earlier, the Defendant objects to the hours claimed by Plaintiff's counsel, pointing out most of the billing entries by the two law students were identical,

as were some entries by the law students and Mr. Obeidy. The Defendant emphasizes that virtually all billing entries constitute block billing and that some entries were made before the date on which the work allegedly was performed, and one entry showed work for trial preparation after the trial had concluded. The Defendant also notes that in the Pretrial Stipulation, filed on February 9, 2022, counsel for the Plaintiff stated that the Plaintiff had incurred $64,000.00 in fees (150 hours at $400.00 per hour) as of that date and that the estimated total fees were $82,825.00. (ECF No. 53 at 12) The Defendant contends that the Plaintiff's fee award should not exceed $50,000.00.

Counsel's billing statements reflect 12 identical billing entries between January 6 and January 27 reflecting 118 hours (for trial preparation and trial attendance) for Mr. Obeidy and each of the two law students, for a total of 354 hours. (ECF Nos. 140-1 at 2-3; 140-2 at 2-3, 140-3 at 2-3). At the hearing, Mr. Obeidy explained that the three time keepers worked together in the same room preparing for trial and all three attended the trial. He did not explain why he required the assistance of the law students for these purposes. The undersigned finds that the time spent by the law students should be excluded.[3]

Mr. Obeidy also included a billing entry on February 14, 2022 for 46.5 hours of work on responding to a defense motion which was performed during the time period of February 21 through March 11, 2022. At the hearing, Mr. Obeidy agreed to withdraw his claim for those hours. Notwithstanding Mr. Obeidy's concession, the

---

[3] These entries constitute the total time claimed for work by the law students, other than 17 hours claimed by Ms. Kirby for work performed on November 20, 2021 on the Plaintiff's response to the Defendant's Motion for Summary Judgment. (ECF No. 14-2 at 2). Mr. Obeidy claimed 40.5 hours for drafting that response (ECF No. 140-1 at 5-6). In light of the amount of time billed by Mr. Obeidy, the undersigned finds that Ms. Kirby's claim for 17 hours for this work likewise should be excluded.

undersigned finds that this entry suggests that billing entries were not made at the time the work was performed, calling into question the accuracy of all of the entries. Moreover, the undersigned does not agree with Mr. Obeidy that the issues involved in this case were unusually complex. Based on a careful review of the record in this cause, the undersigned finds that a reasonable amount of time to have spent on this case is 175 hours.

The Defendant also objects to Mr. Obeidy's claimed hourly rate of $400.00, noting that Mr. Obeidy did not cite any case in which he was awarded that rate (or any other rate). Counsel for the Defendant states that she was paid at the rate of $150.00 per hour. In his sworn declaration, the only information provided by Mr. Obeidy regarding his qualifications is as follows:

> 6. My billing rate is reasonable and typical for a South Florida employment attorney with more than 23 years of experience. I also served as an active-duty pilot in the Royal Canadian Airforce where I received extensive training on military flying.

(ECF No. 121-1 at 3) Mr. Obeidy provides no information on his education, bar memberships, experience in federal employment litigation or actual billing rates, and did not provide a copy of the retainer agreement signed by the Plaintiff or a summary of the terms of the agreement.[4] Accordingly, the undersigned finds that a rate of $300.00 per hour is at the high end of the range of rates charged in the Southern District of Florida for similar services by lawyers of reasonably comparable skills, experience and reputation to those of Mr. Obeidy. In light of Mr. Obeidy's failure to comply with the Local Rules in connection with two motions (including the instant Motion) and his failure to timely respond to a third motion, the undersigned believes

---

[4] At the hearing, Mr. Obeidy stated that the fee agreement provided that he be paid the greater of a contingency fee of 40% of the damages awarded or actual hours billed. He did not state the rate at which he billed the Plaintiff.

this hourly rate to be generous. Therefore, the undersigned concludes that the fee which should be awarded in this case is $52,500.00 (175 hours x $300.00 per hour).

## II. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Plaintiff's Motion to Set Amount for Attorney's Fees for Obeidy and Associates, P.A. (ECF No. 121) be GRANTED, and that the Plaintiff be awarded attorneys' fees in the amount of $52,500.00.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable William P. Dimitrouleas,, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir.1989); 11th Cir. R. 3-1 (2016).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 23rd day of May, 2022.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:  All counsel of record